UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN EINER PETERSON,        ) | Civil No. 06cv0177 JAH(PCL) |
| Petitioner,   ) | **ORDER DENYING PETITIONER'S APPLICATION FOR CERTIFICATE OF APPEALABILITY** |
| v.                                                ) | |
| JAMES E. TILTON, Acting Secretary, California Department of Corrections,   ) | |
| Respondent.   ) | |

Petitioner, a state prisoner appearing through counsel, has filed an application for a certificate of appealability from this Court's order denying his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this standard, petitioner must show that: (1) the issues are debatable among jurists of reason; or (2) that a court could resolve the issues in a different manner; or (3) that the questions are adequate to deserve encouragement to proceed further. Lambright v. Stewart, 220 F.3d 1022, 1024-25 (9th Cir. 2000) (citing Slack v. Mc Daniel, 529 U.S. 473 (2000)), and Barefoot v. Estelle, 463 U.S. 880 (1983). Petitioner does not have to show "that he should prevail on the merits. He has already failed in that endeavor." Lambright, 220 F.3d at 1025 (citing Barefoot, 463 U.S. at 893 n. 4).

Petitioner seeks a certificate of appealability on two issues: (1) whether the state court's decision on petitioner's ineffective assistance of counsel claim is entitled to review under an

objectively reasonable standard; and (2) whether the state court erred in finding no evidence in the record to support a mistaken consent defense.

**1.      Objectively Reasonable Standard of Review**

Petitioner firsts requests a certificate of appealability on the issue of whether the state court's analysis of petitioner's ineffective assistance of counsel claim was properly reviewed under an objectively reasonable standard pursuant to 28 U.S.C. § 2254(d). Petitioner contends that an objectively reasonable standard was erroneously applied to the state court's determination on this issue because the state court did not mention the controlling federal authority on ineffective assistance of counsel claims and, thus, applied no standard of law in finding petitioner's counsel was not ineffective. *See* Appl. at 14. Petitioner contends this issue has been found debatable by the Ninth Circuit, thus justifying a certificate of appealability. Id. at 14-15 (citing Lambert v. Blodgett, 393 F.3d 943, 965 (9th Cir. 2004)).

In support of his contention, petitioner cites to two recent Ninth Circuit cases: Nunes v. Mueller, 350 F.3d 1045, 1055 (9th Cir. 2003) and Evanchyk v. Stewart, 340 F.3d 933, 940 (9th Cir. 2003). However, in Nunes and Evanchyk, the state courts were found by the Ninth Circuit to either have applied the correct federal law unreasonably or to have applied the wrong federal law. *See* Nunes, 350 F.3d at 1055 (finding that the state court had "applied the Strickland test unreasonably."); Evanchyk, 340 F.3d at 940 ("the Arizona Court of Appeals ... failed to apply the correct controlling authority."). Neither of these cases support petitioner's contention that, when no standard of law is mentioned by the state court, the state court's decision is not entitled to review under an objectively reasonable standard even if the state court analyzed the facts in a manner consistent with clearly established federal law, as was done here. *See* Appl. at 14.

Additionally, petitioner cites to Lambert, 393 F.3d at 965, for the proposition that the issue at bar is subject to an ongoing debate. *See* Appl. at 14-15. In Lambert, the Ninth Circuit, although noting the federal habeas statute's "provisions have been subjected to multiple, sometimes conflicting, interpretations," found the statute clearly requires a district court to give "deference to state court determinations [following] an adjudication on the merits." Lambert,

393 F.3d at 965. The Lambert court did not, as suggested by petitioner, acknowledge an ongoing "debate over the deference due [state court decisions in federal habeas cases] where there is no mention or discussion of the federal constitutional claim by the state court" which might justify the issuance of a certificate of appealability. Appl. at 14-15; *see* Lambert, 393 F.3d at 965. Instead, the Ninth Circuit found there is debate among the circuit courts as to the proper guidelines to be used in determining when an adjudication on the merits by the state court has occurred. Lambert, 393 F.3d at 965.

Here, this Court determined that, even though the state court had failed to specify what legal standard it applied, the analysis presented by the state court to the facts of this case was consistent with the standard of law enunciated by the clearly established United States Supreme Court law on ineffective assistance of counsel claims. *See* Doc. # 18 at 5. Because the United States Supreme Court has found a state court's decision properly analyzed under an objectively reasonable standard of review as long as the state court had applied a standard consistent with the clearly established federal law on the subject, *see* Early v. Packer, 537 U.S. 3, 8 (2002), this Court found it proper to apply that standard of review to the state court's determination of petitioner's ineffective assistance of counsel claim. *See* Doc. # 18 at 5. None of the cases cited by petitioner contradicts this Court's finding nor suggests the issue might be resolved any other way. This Court, therefore, finds this issue is neither debatable among jurists of reason nor deserving of encouragement to proceed further. Lambright, 220 F.3d at 1024-25. Accordingly, this Court finds petitioner is not entitled to a certificate of appealability on the issue of whether the state court's determination of petitioner's ineffective assistance of counsel claim was properly reviewed under an objectively reasonable standard.

**2.     Evidence Supporting Mistaken Consent Defense**

Petitioner also seeks a certificate of appealability on the issue of whether the state court's factual finding that there was no evidence in the record supporting petitioner's proposed mistaken consent defense was properly presumed correct where "an independent review of that same evidence reveals" the state court's finding was in error. Appl. at 16. This Court adopted the magistrate judge's determination that petitioner had failed to present clear and convincing

evidence to rebut the presumption of correctness afforded the state court on this factual finding. *See* Doc. # 18 at 6.

Petitioner appears to contend that this Court should have conducted an independent review of the state court record to determine whether the state court's factual finding was correct. *See* Appl. at 16. However, this Court may only conduct such an independent review if petitioner presents clear and convincing evidence to rebut the presumption of correctness due the state court's factual findings. *See* 28 U.S.C. § 2254(e)(1). Petitioner points to only one portion of the expert report concerning petitioner's physical and mental capabilities to support his contention, claiming that portion of the report "could have provided the basis for" a mistaken consent defense. Appl. at 16. The fact that there may be one portion of the expert report which might be found to provide a basis for the defense can hardly be considered clear and convincing evidence rebutting the presumption that the state court reviewed the record as a whole and found it contained no evidence to support the defense. Therefore, this Court finds this issue is also neither debatable among jurists of reason nor deserving of encouragement to proceed further. Lambright, 220 F.3d at 1024-25. Accordingly, this Court finds petitioner is not entitled to a certificate of appealability on the issue of whether the state court's factual finding was properly presumed to be correct.

## **CONCLUSION AND ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that petitioner's application for a certificate of appealability is **DENIED in its entirety.**

DATED: November 8, 2006

_____
HON. JOHN A. HOUSTON
United States District Judge